# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA SCHUPP,<br><br>                Plaintiff,<br><br>        v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Case No.  1:12-cv-00374-LJO-SAB<br><br>ORDER RE STIPULATION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT<br><br>ECF NOS. 24, 25 |

On July 5, 2013, Plaintiff Linda Schupp ("Plaintiff") filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").  (ECF No. 24.)  On July 12, 2013, the parties entered into a stipulation pertaining to the motion for attorney's fees under EAJA.  (ECF No. 25.)

In accordance with the parties' stipulation, it is HEREBY ORDERED that:

1. Plaintiff's July 5, 2013 motion for attorney's fees under EAJA is WITHDRAWN (ECF No. 24);

2. Plaintiff is awarded attorney's fees under EAJA in the amount of Four Thousand dollars ($4,000) and awarded costs under 28 U.S.C. § 1920 in the amount of Three Hundred Fifty dollars ($350).  This amount represents compensation for all legal services rendered on behalf of Plaintiff, to date, by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412;

3. After the Court issues this order, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521 (2010), the ability to honor the assignment will depend on whether the fees, expenses are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees and expenses is entered, the government will determine whether they are subject to any offset;

4. Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to be made directly to Sengthiene Bosavanh, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel;

5. This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action; and

6. This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA.

IT IS SO ORDERED.

Dated: **July 12, 2013**

UNITED STATES MAGISTRATE JUDGE